IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONNEL FITZGERALD,

    Plaintiff,

v.

JASON ACHTERBERG, MARIO T. CANZIANI,
REED RICHARDSON, KYLE D. ESLINGER,
MARY REIMER, PATRICK J. LYNCH,
and CHRISTINE PRESTON,

    Defendants.

ORDER

19-cv-774-jdp

---

Plaintiff Ronnel Fitzgerald, appearing pro se, is a prisoner at Stanley Correctional Institution. Plaintiff alleges that defendant prison officials retaliated against him by firing him from his prison job after he complained about being sexually harassed by an inmate named Franklin Coleman at that job.

Plaintiff has filed a motion to compel discovery of two types of information. First, he seeks information about the circumstances under which defendants Mary Reimer and Patrick J. Lynch left their employment with the DOC and any criminal history they may have. Second, he seeks inmate Coleman's disciplinary history, which he believes will show that Coleman has harassed other prisoners while being "protected" from consequences by prison staff including Lynch. Defendants objected to plaintiff's requests for these materials; plaintiff says that their objections are waived because defendants filed their discovery responses five days late. Defendants respond that they were tardy because of COVID-19-related difficulties at the outset of the pandemic. This is good enough cause to excuse what were only marginally late responses.

1

In conjunction with their objections, defendants move for a protective order staying discovery concerning requests for defendants' employment files and criminal histories that do not directly relate to plaintiff's allegations that he was fired from his job and moved off the unit. *See* dkt. 20. Defendants argue that such documents, if they should be produced at all, should not be produced until after the case has proceeded past summary judgment. I am granting defendants' request. There may come a time in this case when disciplinary or criminal records of this sort could be relevant to credibility determinations, but not at the summary judgment stage. If this case proceeds past summary judgment, then the court will reevaluate the relevance of these documents and if necessary, review them in camera.

Because defendants do not ask for a protective order for employment files or criminal records that *do* directly relate to the alleged adverse actions taken against plaintiff, I infer that they concede that those records could be relevant at the summary judgment stage. So I will grant plaintiff's motion to compel production of materials *directly relating* to plaintiff being fired or being moved to a different unit, if any such materials actually exist.

As for inmate Coleman's disciplinary records, plaintiff states that "[t]he parties can learn a lot about Coleman's character from previous people who know of him," dkt. 17, at 3, and that he "needs to find out if anyone else has been fired from their jobs, removed from their jobs or demoted for accusing Coleman of sexual misconduct," dkt. 21, at 3. Coleman's character isn't directly relevant to the claims at issue here, and plaintiff does not provide ample justification for delving into confidential Prison Rape Elimination Act complaints in search of information about other inmates who may have been punished by staff for complaining about Coleman.

But plaintiff also raises a related, more persuasive argument: he contends that proof of the *defendants'* failure to track down prior complaints of harassment by Coleman in conducting their investigation of his own complaint would show that their investigation was a sham, because PREA mandates that officials review prior complaints against an accused prisoner. I take plaintiff to be saying that defendants' indifference to his harassment allegations would help prove that they fired him for complaining, because it would show that defendants were more interested in squelching complainants than in getting to the bottom of the harassment problem.

Looked at from this perspective, the existence of prior harassment complaints against Coleman are sufficiently relevant to plaintiff's claims to be discoverable. But the relevant point is that such complaints were filed and could have been known–or were known–to the defendants in this lawsuit. The actual identities of the accusers and the details of the events in these confidential complaints are not relevant and should be redacted. That said, if any of the named defendants was involved in investigating other accusations against Coleman by other inmates, then plaintiff is entitled to know how the defendants handled their investigation(s), including any adverse consequences to the accuser(s).

Plaintiff has also filed two motions for extensions of time to file his response to defendants' motion for summary judgment because of his inability to use the prison law library due to COVID-19 lockdowns. *See* dkt. 39 and dkt. 40. I will grant plaintiff's more recent motion and deny the earlier motion as moot. Plaintiff suggests that he may be able to get law library time now that his unit no longer is locked down. Even if prison officials fail to give plaintiff time in the law library, the court will not grant him an indefinite extension until he receives library time. If need be, the court will apply the appropriate law to the facts, even if plaintiff cannot

3

find and provide the law on his own. The important task for plaintiff is to lay out the facts supporting his claims. A new summary judgment briefing schedule is set below, with some breathing room built in for defendants to produce the documents discussed above.

ORDER

It is ORDERED that:

(1) Plaintiff's motion to compel discovery, dkt. 16, is GRANTED in part.

(2) Defendants' motion for a protective order, dkt. 20, is GRANTED.

(3) Each side will bear its own costs on these motions.

(4) Plaintiff's first motion for an extension of time to file his summary judgment opposition, dkt. 39, is DENIED as moot.

(5) Plaintiff's second motion for an extension of time to file his summary judgment opposition, dkt. 40, is GRANTED. Plaintiff's response deadline is extended to January 4, 2021. Defendants' reply deadline is extended to January 11, 2021.

Entered this 3rd day of December, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge